# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| COREY FERNANDO RUSSELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:17-CV-77-TWP-DCP |
| UNITED STATES OF AMERICA, and UNITED STATES MARSHALS SERVICE, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Corey Fernando Russell filed this pro se complaint against Defendants United States of America and United States Marshals Service ("Marshals Service"), alleging two violations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 267, and one violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendants have moved to dismiss Plaintiff's FTCA claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted, or in the alternative, for summary judgment [Doc. 31]. Defendants have also moved for summary judgment on Plaintiff's FOIA claim [*Id.*]. For the reasons discussed below, the Court will grant Defendants' motion to dismiss [Doc. 31] with respect to Plaintiff's FTCA claims, and will grant summary judgment on Plaintiff's FOIA claim.

## I. BACKGROUND

Plaintiff filed his complaint on March 8, 2016 against Defendants United States of America and the Marshals Service in the United States District for the District of Columbia [Doc. 1]. The

case was then transferred to this Court on March 2, 2017, as this Court was the proper venue for litigating Plaintiff's FTCA claims [Docs. 25 and 27]. Defendants filed their motion to dismiss, or in the alternative, motion for summary judgment, on April 25, 2017 [Doc. 31], as well as a memorandum in support of their motion [Doc. 32]. Plaintiff then filed a response in opposition to Defendants' motion on May 15, 2017 [Doc. 33].

Plaintiff, originally a federal pretrial detainee, was under custody of the Marshals Service in 2013, and was placed at the Claiborne County Detention Center ("CCDC") [Doc. 1 p. 4]. Plaintiff alleges that "[o]n February 27, 2013[, he] was assaulted by 15 to 20 Caucasian males in Dorm C-2" at the CCDC [*Id.*]. As a result of this assault, Plaintiff claims that he "suffered wonton [sic] pain of head, head trauma, buzzing sounds, severe neck and back pain and loss of enjoyment of life" [*Id.*]. Plaintiff seeks to hold Defendants liable under the FTCA, as "the U.S. Marshals never bothered to take Plaintiff to the hospital after receiving this information" [*Id.*]. Plaintiff claims that this "failure . . . breached that duty [of care] by failing to exercise the requisite degree of skill and care" [*Id.*]. Plaintiff wrote a letter to the Marshals Service informing them of the attack at the CCDC, his problems with CCDC officials, that he was still suffering from his injuries, and requested to be moved to a federal facility [Doc. 33 p. 19–20]. The Marshals Service then emailed CCDC officials, stating that Plaintiff had complained of head trauma [*Id.* at 21]. However, CCDC officials replied that Plaintiff had failed to fill out any medical requests relating to his head trauma [*Id.*].

Next, Plaintiff was transferred to the Washington County Detention Center ("WCDC") by the Marshals Service [Doc. 1 p. 4]. "[O]n or about June 8, 2013," Plaintiff "suffered carbon monoxide poison[ing] from a gas leak" at the WCDC, which caused Plaintiff to "feel dizzy and

pass out" on June 8, 18, and 22, 2013 [*Id.* at 5]. Plaintiff claims that he was also refused medical treatment at the WCDC, which he reported to the Marshals Service [*Id.*].

Plaintiff's FOIA claim stems from the alleged assault at the CCDC, as Plaintiff alleges that he "filed a request for documents . . . pertaining to the assault at the Claiborne County Jail" on Feburary 27, 2013 [*Id.* at 6]. Plaintiff claims that the Marshals Service acknowledged his request on November 17, 2014, and requested a verification of his identity [*Id.*]. Plaintiff alleges that he has not been contacted by the Marshals Service since December 30, 2014, when he received a letter stating that the Marshals Service had "commenced a search for documents response to [Plaintiff's] request" [*Id.*].

However, Defendants claim that "[i]n response to Plaintiff's FOIA request, the [Marshals Service] conducted a search of the files of the Eastern District of Tennessee because the contract detention facilities where Plaintiff was housed . . . are located in th[at] district" and "[r]ecords pertaining to Plaintiff's day-to-day care while in these facilities, including medical care, would be maintained by the facilities [Doc. 32-1 at ¶ 4]; *see* [Doc. 32 p. 3]. Defendants further state that on May 6, 2016, the Marshals Service notified Plaintiff that three pages were located, two of which were Plaintiff's letter to the Marshals Service, and one page was an "email . . . between the [Marshals Service] Eastern District of Tennessee personal and jail personnel," which was released to Plaintiff with redactions [Doc. 32-1 at ¶ 6]; *see* [Doc. 32 p. 3].

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In other words, federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant

thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). As such, subject-matter jurisdiction is a threshold issue that the Court must address and resolve prior to reaching the merits of the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *see also* Fed. R. Civ. P. 12(h)(3) (providing that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), "where subject matter jurisdiction is challenged under Rule 12(b)(1)[,] . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986)).

Rule 12(b)(1) motions fall into two categories: "facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A *facial* attack is a challenge to the sufficiency of the pleading itself." *Id.* In considering whether jurisdiction has been established on the face of the pleading, "the court must take the material allegations of the [pleading] as true and construed in the light most favorable to the nonmoving party." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Id.* In considering whether jurisdiction has been proved as a matter of fact, "a trial court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). "Moreover, on the question of subject matter jurisdiction the court is not limited to jurisdictional allegations of the complaint but may properly consider whatever evidence is submitted for the limited purpose of ascertaining whether subject matter jurisdiction exists." *Pryor*

*Oil Co., Inc. v. United States,* 299 F.Supp.2d 804, 807–808 (E.D. Tenn. 2003) (citing *Rogers*, 798 F.2d at 915–16 (other citations omitted)).

      **B.**      **Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) governs pleadings, and sets out a liberal standard, requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," neither will "'naked assertion[s]' devoid of 'further factual enhancement[,]'" nor "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

When faced with a Rule 12(b)(6) motion, courts must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

Pro se litigants "are held to less stringent [pleading] standards than . . . lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, this Court's "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither [this] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

  **C.**  **Federal Rule of Civil Procedure 56**

Federal Rule of Civil Procedure 56 instructs the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the presence or absence of genuine issues of material facts must support its position either by "citing to particular parts of materials in the record," including depositions, documents, affidavits or declarations, stipulations, or other materials, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or simply "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Where the movant has satisfied this burden, the nonmoving party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita*, 475 U.S. at 586; Fed. R. Civ. P. 56). The nonmoving party must present sufficient probative evidence supporting its claim that disputes over material facts remain and must be resolved by a judge or jury at trial. *Anderson*, 477 U.S. at 248–49 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *see also White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475–76 (6th Cir. 2010). A mere scintilla of evidence is not enough; there must be evidence from which a jury could reasonably find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252; *Moldowan*, 578 F.3d at 374. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

III. ANALYSIS

A. **Plaintiff's FTCA Claims**

Although Defendants move for dismissal of Plaintiff's FTCA claims under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, summary judgment under Rule 56, the Court need only address the first of these three grounds—lack of subject matter jurisdiction. "When a defendant moves for a motion to dismiss under both Rule 12(b)(1) and (b)(6), the court

7

should consider the 12(b)(1) motion first because the 12(b)(6) motion is moot if subject matter jurisdiction does not exist." *Damnjanovic v. United States Dep't of Air Force*, 135 F. Supp. 3d 601, 604 (E.D. Mich. 2015). The Court will thus analyze Defendant's motion as a facial attack under Rule 12(b)(1), and will construe the facts underlying this dispute in the light most favorable to Plaintiff. However, when a defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff has the burden of proving the existence of jurisdiction. *See Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir. 1990). Ultimately, Plaintiff has failed to meet that burden.

In their motion to dismiss, Defendants claim that under the FTCA independent contractor exception, the Court lacks subject matter jurisdiction over any tort claim against Defendants United States of America and the Marshals Service [Doc. 32 p. 6]. Further, Defendants allege that the Marshals Service has contracted with state-funded correctional facilities to house federal prisoners, and, therefore, the FTCA's independent contractor exception to the waiver of sovereign immunity bars Plaintiff's claim [*Id.* at 8]. In his response to Defendants' motion to dismiss, Plaintiff claims that the Defendants "breached [their] duty by failing to exercise the requisite skill and care while Plaintiff was under [their] custody" [Doc. 33 p. 4]. Plaintiff also repeats the factual allegations made in his complaint, and attaches the letter he wrote to the Marshals Service and their response [*Id.* at 19–20].

The United States is generally immune from suit for monetary damages. *See Reed v. Reno*, 146 F.3d 392, 397–98 (6th Cir. 1998). The FTCA, however, provides a waiver of sovereign immunity that allows the United States to be sued "in the same manner and to the same extent as a private individual under like circumstances" for a tort claim arising from the acts of federal employees acting within the scope of their employment. 28 U.S.C. § 2674; *see also* 28 USC §

8

1346(b)(1) (stating the limited waiver of sovereign immunity applies to "employee[s] of the Government"); *Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995). In order for jurisdiction under the FTCA to be proper in this action, the Court must determine that none of the exceptions to the FTCA's waiver of sovereign immunity applies. *See Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 580 (6th Cir. 2014) (citing *Kohl v. United States*, 699 F.3d 935, 939–40 (6th Cir. 2012); *Milligan v. United States*, 670 F.3d 686, 695 (6th Cir. 2012)), *aff'd*, 136 S.Ct. 1843, 1847–48 (2016).

In this case, the pertinent exception under the FTCA is the independent contractor exception. *See* 28 U.S.C. § 2671. The FTCA grants original jurisdiction to federal district courts over claims against the United States arising from the negligence of its employees and agencies, but it specifically excepts "contractors" from the definition of federal agencies. *Id.* Under this exception, the United States retains its sovereign immunity against any claim based upon the acts or omissions of a government contractor's employee over whom the United States lacks "the power . . . to control the detailed physical performance of the contract." *United States v. Orleans,* 425 U.S. 807, 815, (1976) (quoting *Logue v. United States,* 412 U.S. 521, 528 (1973)); *see, e.g.*, *Zion v. United States*, 913 F. Supp. 2d 379, 383 (W.D. Ky. 2012) ("Because independent contractors are not considered agents or employees of the United States, an independent contractor cannot be held liable under the FTCA.").

Plaintiff alleges that he received inadequate medical care at the CCDC and WCDC, and that Defendants were responsible for his treatment due to Plaintiff's status as a federal pretrial detainee. In *Logue*, the Supreme Court "held that employees of a county jail that housed federal prisoners pursuant to a contract with the Federal Bureau of Prisons were not federal employees or employees of a federal agency; thus, the United States was not liable for their torts." *Orleans,* 425

U.S. at 815 (1976) (citing *Logue*, 412 U.S. at 528); *see, e.g.*, *Cooper v. U.S. Marshals Service*, No. 3:09-cv-18, 2010 WL 925794, at *2 (E.D. Tenn. Mar. 9, 2010) (holding plaintiff's claim that the Marshals Service breached its duty of care after he was assaulted at a local jail was barred by several exceptions to the FTCA, including the independent contractor exception). Ultimately, the Supreme Court has stated that "the power of the Federal Government 'to control the detailed physical performance of the contractor' is a critical factor distinguishing federal agents and employees from independent contractors." *Orleans*, 425 U.S. at 814 (citing *Logue*, 412 U.S. at 528). "A component of this factor is whether the government supervises the actor's day-to-day operations." *Zion*, 913 F. Supp. 2d at 383 (citing *Orleans*, 425 U.S. at 814).

In their motion to dismiss, Defendants claim that although the Marshals Service has a duty to "provide for the safe-keeping of any person arrested . . . pending commitment to an institution," the Marshal Service is "authorized to contract with state-funded correctional facilities to house federal prisoners" [Doc. 32 p. 8]. *See* 28 C.F.R. § 0.111(o). "This authority to designate a prisoner's place of confinement and to transfer a prisoner from one facility to another facility includes the right to place a prisoner in a privately operated facility." *See*, *Sandoval v. Terris*, No. 2:13-cv-12069, 2013 WL 2425031, at *2 (E.D. Mich. June 4, 2013) (citing 18 U.S.C. § 4013(a)(3)). Defendants have attached a declaration from William E. Bordley, an attorney with the Marshals Service Office of General Counsel, stating that "[t]he intergovernmental agreements between the [Marshals Service] and the [CCDC] and [WCDC] provide that the [Marshals Service] does not exercise any management control over the actions of both the county jails . . . [and t]he day-to-day operations of the contractors' facilities are in the hands of the contractor" [Doc. 32-2 at ¶ 4].

CCDC and WCDC officials thus served as independent contractors for the United States pursuant to the agreement between the Marshals Service and the respective county jails. Plaintiff is attempting to challenge the lack of medical care he received while in custody at the CCDC and WCDC. The United States has not waived its sovereign immunity under the FTCA for the actions of these independent contractors. *See* 28 U.S.C. § 2671 (expressly excluding contractors from the definition of federal agency). "Consequently, the United States cannot be held liable for the allegedly tortious actions of employees of a local jail, when the jails are independent contractors." *Noland v. McCoy*, No. 11-312-JBC, 2012 WL 3027541, at *2 (E.D. Ky. July 23, 2012) (granting Rule 12(b)(1) motion to dismiss filed by the United States of America and Marshals Service, as the independent contractor exception was applicable to plaintiff's claims regarding his treatment at a local jail) (citing *United States v. Orleans*, 425 U.S. 807, 813–14 (1976); *Logue v. United States*, 412 U.S. 521 (1973)). Therefore, the Court will grant Defendants' motion to dismiss with respect to Plaintiff's FTCA claims, as the United States retains sovereign immunity for any allegedly tortious actions.

B. **Plaintiff's FOIA Claim**

Plaintiff also claims that Defendants violated FOIA, as they failed to provide Plaintiff with requested documents pertaining to the alleged assault at the CCDC [Doc. 1 p. 6]. Although Plaintiff alleges that he never received any requested documents, Defendants claim that the Marshals Service conducted a search of the relevant files, and provided Plaintiff with three pages: two of which were Plaintiff's letter to the Marshals Service, and one page of an "email . . . between the [Marshals Service] Eastern District of Tennessee personal and jail personnel," which was released to Plaintiff with redactions [Doc. 32-1 at ¶ 6]; *see* [Doc. 32 p. 3]. In their motion, Defendants request summary judgment on Plaintiff's FOIA claim, stating that the Marshals

11

Service produced all requested documents and "correctly invoked Exemptions 7(C) and 6 to withhold . . . personal information" [Doc. 32 p. 13]. In his response, Plaintiff repeats his allegations that he has not received the requested documents; however, he also attaches a letter from the Marshals Service Office of General Counsel stating that the requested search located three pages of documents, as well as provides the documents that Defendants claimed they produced [Doc. 33 p. 18–21]. Although it is clear to the Court that Plaintiff has received the requested documents, and Plaintiff has not challenged the adequacy of the search, the Court will liberally construe Plaintiff's claim as challenging the redactions in the provided documents.

Under FOIA, federal agencies are generally required to promptly make available records to any person upon request, where those records are reasonably described. 5 U.S.C. § 552(a)(3); *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 543 (6th Cir. 2001). FOIA's "general philosophy of full agency disclosure" is not absolute; it is subject to nine statutory exemptions, which are enumerated in 5 U.S.C. 552(b) and are to be narrowly construed. *Dep't of Air Force v. Rose*, 425 U.S. 352, 360–61 (1976). The Supreme Court has recognized that "the statutory exemptions are intended to have meaningful reach and application." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989).

As noted above, the exemptions relevant to this matter are delineated in subsections (b)(6) and (b)(7)(C), which provide that FOIA's disclosure requirements do not apply to:

> (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; or

> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy.

5 U.S.C. § 552(b). "The burden is on the agency to demonstrate, not the requester to disprove, that the materials sought may be withheld due to an exemption." *Vaughn v. United States*, 936 F.2d 862, 866 (6th Cir. 1991).

When reviewing an agency's consideration of a FOIA request, courts apply a *de novo* review. 5 U.S.C. § 552(a)(4)(B). "As most challenges to an agency's use of a FOIA exemption involve purely legal questions, district courts typically resolve these cases on summary judgment." *Rimmer v. Holder*, 700 F.3d 246, 255 (6th Cir. 2012) (citing *Rugiero*, 257 F.3d at 544). "To prevail on summary judgment, the government must show that it made a 'good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information' and that any withholding of materials was authorized within a statutory exemption." *Id.* (quoting *CareToLive v. FDA*, 631 F.3d 336, 340 (6th Cir. 2011)). "Ordinarily, an agency will offer detailed affidavits, rather than the requested documents themselves, to justify its decision to withhold information, and these affidavits are entitled to a presumption of good faith absent evidence to the contrary." *Id.* (citing *Jones v. FBI*, 41 F.3d 238, 242–32 (6th Cir. 1994)).

Defendants have moved for summary judgment on Plaintiff's FOIA claim on the grounds that the Marshals Service performed an appropriate search for records responsive to Plaintiff's FOIA request, and properly withheld only the portions of records that are exempt from disclosure under 5 U.S.C. § 552(b) [Doc. 32 p. 12]. Defendants have attached a declaration from William E. Bordley ("Bordley"), an attorney with the Marshals Service Office of General Counsel, stating that the Marshals Service released three pages of responsive documents, of which, "two pages were released in full (a two-page letter sent to the [Marshals Service] by plaintiff concerning his treatment at the Claiborne County Jail) and one page consisted of email traffic between USMS Eastern District of Tennessee personnel and jail personnel . . . [which] was released with redactions

consisting of identifying information pertaining to law enforcement personnel" [Doc. 32-1 at ¶ 6]. Ultimately, the Marshals Service redacted the name, email addresses, and telephone numbers of Marshals Service employees and local law enforcement personnel [*Id.* at 3].

In his declaration, Bordley states that the Marshals Service redacted the email pursuant to 5 U.S.C. § 552(b)(6) and (b)(7)(c) "to withhold the names and/or identifying information pertain [sic] the [Marshals Service] law enforcement employees, other federal agency law enforcement employees, and local law enforcement employees" [*Id.* at ¶ 7]. Further, Bordley states that "[i]n each instance where information was withheld pursuant to Exemption (b)(6), the [Marshals Service] determined that the individuals' privacy rights outweighed the public's interest in disclosure. After balancing the privacy interest that would be affected by disclosure against any public information . . . the [Marshals Service] determined that the release of the redacted information would constitute a clearly unwarranted invasion of personal privacy for the particular individuals" [*Id.*]. Lastly, Bordley provides that under Exemption (b)(7)(C), the Marshals Service determined that Plaintiff had not presented a public interest in disclosure of the identities of law enforcement personnel, and the Marshals Service held that "the release of the identities of law enforcement personnel could subject these individuals to unwarranted public attention, harassment, and annoyance" [*Id.* at ¶ 8]. Ultimately, Bordley states that "[a]ll information withheld was exempt from disclosure pursuant to a FOIA exemption or was not reasonably segregable because it was so intertwined with protected material that segregation was not possible or its release would reveal the underling protected material" [*Id.* at ¶ 10].

Initially, Plaintiff has failed to challenge the adequacy of the Defendants search, or the redactions in the provided documents, instead claiming that he never received the documents he requested from the Marshals Service. However, Plaintiff has attached the documents at issue in

his response to Defendants' motion for summary judgment [Doc. 33 p. 18–21]. Although Plaintiff does not challenge that the search was inadequate, the Court finds that Bordley's Declaration adequately describes the search, and that the search was reasonably calculated to uncover responsive documents [*See* Doc. 32-1]. *See also Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 547 (6th Cir. 2001).

The Marshals Service relied on FOIA Exemptions 6 and 7(C) to withhold names and identifying information regarding Marshals Service and local law enforcement personnel [Doc. 32-1 p. 3]. The Marshals Service argues that these documents were properly redacted, because the documents would have impinged on substantial privacy interests of individuals named in the documents, without any substantial public interest in disclosure [*Id.* at ¶ 9]. Further, Plaintiff has failed to allege any public interest in favor of disclosure.

The Supreme Court has recognized that "Exemption 7(C) is more protective of privacy than Exemption 6: The former provision applies to any disclosure that 'could reasonably be expected to constitute' an invasion of privacy that is 'unwarranted,' while the latter bars any disclosure that 'would constitute' an invasion of privacy that is 'clearly unwarranted.'" *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 496 n.6 (1994). Accordingly, if the information withheld by the Marshals Service was "compiled for law enforcement purposes" and Exemption 7(C)'s lower bar for withholding material applies, the Court can resolve this issue without conducting a separate Exemption 6 analysis. *See Rimmer v. Holder*, No. 3:10-1106, 2011 WL 4431828, at *5 (M.D. Tenn. Sept. 22, 2011), *aff'd*, 700 F.3d 246, 256 (6th Cir. 2012).

To determine whether Exemption 7(C) applies, the Court must determine that information was "compiled for law enforcement purposes," and then balance the privacy interest of individuals mentioned in the records against the public interest in disclosure. *Nat'l Archives & Records*

*Admin. v. Favish*, 541 U.S. 157, 171 (2004); *see also* 5 U.S.C. § 552(b)(7). The Bordley Declaration states that the records at issue were compiled for law enforcement purposes, as it constitutes "email traffic between [Marshals Service] employees and local law enforcement employees" over the treatment of a federal pretrial detainee [Doc. 32-1 at ¶¶ 8–9]. "This circuit has previously found that federal law enforcement officials 'have the right to be protected against public disclosure of their participation in law enforcement investigations pursuant to exemption (b)(7)(C).'" *Jones v. F.B.I.*, 41 F.3d 238, 246–47 (6th Cir. 1994) (quoting *Ingle v. Dep't of Justice*, 698 F.2d 259, 269 (6th Cir. 1983), *overruled on other grounds by U.S. Dep't of Justice v. Landano,* 508 U.S. 165 (1993)). Marshals Service personnel, as well as local law enforcement personnel, have an interest in avoiding publicity that could expose them to harassing or hostile actions [Doc. 32-1 at ¶ 8]. Therefore, the Court concludes that the records were compiled for law enforcement purposes, and that the individuals whose identifying information was redacted from the document at issue have a substantial privacy interest in avoiding disclosure of their identity.

The Court further concludes that there is no substantial public interest in disclosure of this identifying information; as the identities of these individuals do not reveal anything about the workings of the government, and they are not probative of any agency's behavior or performance. *See Jones*, 41 F.3d at 46–47; *see, e.g.*, *Cooper v. United States Dep't of Justice*, 169 F. Supp. 3d 20, 37 (D. D.C. 2016) (holding that the Marshals Service properly redacted the names, telephone numbers, and identities of law enforcement officers and government employees). Plaintiff has not asserted any public interest to outweigh the privacy interests of the individuals in the Marshals Service records. Therefore, the Marshals Service has sufficiently shown that these redactions are exempt from disclosure under Exemption 7(C), and Defendants are entitled to summary judgment on Plaintiff's FOIA claim.

## IV. CONCLUSION

For the reasons state above, Defendants' motion to dismiss, or in the alternative, motion for summary judgment [Doc. 31] will be **GRANTED**. The Court will grant Defendants' motion to dismiss with respect to Plaintiff's FTCA claims, and will grant summary judgment on Plaintiff's FOIA claim. This action is hereby **DISMISSED WITH PREJUDICE**.

The Court will **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPRORIATE ORDER WILL ENTER.**


  s/Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE